```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 NICOLE NAOMI PRESCOTT,

                     Plaintiff,             MEMORANDUM & ORDER
                                              21-CV-441(EK)

            -against-

 MARTIN O'MALLEY,
 Commissioner of Social Security,[1]

                     Defendant.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

Plaintiff Nicole Naomi Prescott challenges the Social Security Administration's denial of her claim for disability insurance benefits. Before the court are the parties' cross-motions for judgment on the pleadings. For the following reasons, I grant Prescott's motion and deny the Commissioner's.

## I. Background

### A. Procedural Background

Prescott filed for disability benefits on January 22, 2019, alleging a disability onset date of October 1, 2018. Administrative Transcript ("Tr.") 11, 228-43. The agency denied her application in June of 2019 and denied it again upon reconsideration in November. *Id*. at 138, 151. An

---

[1] Per Federal Rule of Civil Procedure 25(d), Martin O'Malley, the current Commissioner of Social Security, is automatically substituted for Andrew Saul, former Commissioner, as the defendant. The Clerk of Court is respectfully directed to update the caption accordingly.

administrative law judge ("ALJ") held a telephone hearing on April 9, 2020.  *Id*. at 34.  The ALJ found that Prescott was not disabled and thus not entitled to disability benefits.  *Id*. at 8-30.  Prescott's request for review was denied by the Appeals Council in December of 2020 and the ALJ's decision became final.  *Id*. at 1-5.  Prescott timely sought review of that decision in this court.  ECF No. 1.

**B.   The ALJ's Disability Evaluation**

Under the Social Security Act, "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Social Security Administration's regulations require ALJs to follow a five-step sequence in evaluating disability claims.  20 C.F.R. § 404.1520(a)(4).

First, the ALJ determines whether the claimant had engaged in substantial gainful activity since the disability onset date.  *Id*. § 404.1520(a)(4)(i), (b).  Here, the ALJ determined that Prescott had not.  Tr. 13.

If not, at step two the ALJ evaluates whether the claimant has a "severe impairment" — *i.e.*, an impairment or combination of impairments that "significantly limits" her "physical or mental ability to do basic work activities" — that

2

has lasted or is expected to last for twelve months or longer.  *Id.* §§ 404.1509, 404.1520(a)(4)(ii), (c).  The ALJ here determined that Prescott had the following severe impairments: migraines, major depressive disorder, generalized anxiety disorder, post-traumatic stress disorder, obesity, fibromyalgia, chronic pain syndrome, carpal tunnel syndrome, degenerative disc disease of the cervical and lumbar spine.  Tr. 13-14.

If the ALJ identifies a severe impairment, as she did here, at step three she must determine whether it meets or medically equals one of the impairments listed in Appendix 1 of the regulations — the "Listed Impairments."  *Id.* § 404.1520(d); *see also id.* pt. 404, subpt. P, app. 1.  If it does, the ALJ will deem the applicant disabled.  *Id.* § 404.1520(a)(4)(iii).  When the ALJ finds that the claimant has severe impairments that do not meet the requirements of the Listings, she must determine the claimant's residual functional capacity ("RFC"), 20 C.F.R. § 404.1520(a)(4)(iv), which is the most the claimant can do in a work setting notwithstanding her limitations.  *Id.* § 404.1545(a)(1).

Here, ALJ Laura Olszewski found that taken singly or in combination, Prescott's impairments did not meet or equal the criteria of any Listed Impairment.  Tr. 14.  As such, she engaged in an RFC determination.  *Id*. at 16.  She found that Prescott could perform light work, except that she can lift 20

pounds occasionally and 10 pounds frequently; that she can sit for six hours in an eight-hour workday; that she can stand or walk for six hours in an eight-hour workday; that she can climb ramps and stairs, but not ladders or scaffolds; that she can occasionally balance and stoop; that she can never kneel, crouch, or crawl; that she can reach, push, and pull; that she can frequently handle, finger, and feel; and that she should work in a low-stress environment requiring only occasional use of judgment, decision-making, and changes in work setting. *Id*.

At step four, the ALJ considers whether, in light of the RFC determination, the claimant can perform "past relevant work." 20 C.F.R. § 404.1520(f). ALJ Olszewski determined that Prescott could not perform her past relevant work as a home attendant, security guard, or cook's helper. Tr. 22.

Finally, at step five, the ALJ evaluates whether the claimant can perform jobs existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g). ALJ Olszewski consulted a vocational expert and determined that Prescott could perform such jobs, including as a marker, as a routing clerk, and as a stock checker. Tr. 24.

Given that determination, the ALJ concluded that Prescott was not disabled. *Id*.

## II.  Standard of Review

A district court has jurisdiction to review the final judgment of the Commissioner denying an application for Social Security disability benefits.  42 U.S.C. § 405(g).  The review is limited to two questions: whether substantial evidence supports the Commissioner's decision, and whether the Commissioner applied the correct legal standards.  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009).[2]

"Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008).  "[I]f supported by substantial evidence," the Commissioner's factual findings "shall be conclusive."  42 U.S.C. § 405(g).

## III.  Discussion

I conclude below that the ALJ did not adequately explain her conclusion that Prescott's migraines were not medically equivalent to a Listed Impairment.  I decline, however, to grant relief in response to Prescott's argument that the ALJ's RFC determination was otherwise inadequate.  Plaintiff's Memorandum of Law ("Pl. Mem."), ECF No. 15, at 18, 24.

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

5

**A.      Evaluation of Migraines at Step Three**

Prescott argues that the ALJ committed legal error by failing to "analyze the substantial evidence in support of a listing" based on her migraines.  Pl. Mem. at 16.  Specifically, she argues that the ALJ's error was a failure to "identify[] and discuss[] the rationale" for why Prescott's migraines were not medically equivalent to a listing.  *Id*.

Where an ALJ finds that the clinical evidence does not "meet or equal in severity" a Listed Impairment, she should generally "set forth a sufficient rationale in support of [her] decision."  *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982).  The district court's inability to ascertain "the ALJ's rationale in relation to the evidence in the record" can constitute a basis to "remand the case for further findings or a clearer explanation for the decision."  *Id*.  That said, if "other portions of the ALJ's decision" or "clearly credible evidence" in the record support the ALJ's rationale, remand is not necessary simply because "the ALJ might have been more specific."  *Salmini v. Comm'r of Soc. Sec.*, 371 Fed. App'x 109, 112 (2d Cir. 2010) (citing *Berry*, 675 F.2d at 469).

This is not a case in which the ALJ simply "might have been more specific."  *Id*.  Instead, the ALJ's summary conclusions at step three — determining Listed Impairments —

6

appear to be contradicted by the record evidence and remain otherwise unexplained.

Migraines fall into the category of "primary headache disorders" according to SSA regulations. There is no Listed Impairment for migraines, but it is settled that they may "medically equal a listing" in particular cases. Social Security Ruling (SSR) 19-4p, 2019 WL 4169635, at *7 (Aug. 26, 2019) (titled "Evaluating Cases Involving Primary Headache Disorders"). The Social Security Administration's Ruling 19-4p provides guidance to ALJs evaluating primary headache disorders under the Listing of Impairments. It directs that "the most closely analogous listed impairment" to migraines is Listing 11.02 — epilepsy. *Id.*

In assessing whether a migraine disorder meets or equals that Listing, Ruling 19-4p directs the ALJ to consider a number of factors. These include a "detailed description from an AMS [acceptable medical source] of a typical headache event"; the "associated phenomena" that the claimant experiences (such as "premonitory symptoms" and "aura"); the frequency of headache events; the claimant's adherence to prescribed treatment; any side effects of treatment; and any "limitations in functioning that may be associated with the primary headache disorder or

7

effects of its treatment, such as interference with activity during the day." *Id*.

The ALJ gave no express consideration to any of these factors. Instead, she wrote that she "carefully considered the specific requirements of the relevant listings," including listing 11.02. Tr. 14. She noted that "there is no neurological listing for headaches, as they are usually a symptom of an underlying medically determinable impairment." *Id*. Nonetheless, she "evaluated the claimant's headaches under neurological listing 11.00 and pursuant to SSR 19-4p." *Id*. at 14-15. In its totality, her discussion of that evaluation is as follows: "I have determined that the medical evidence did not support listing level severity." *Id*. at 15.

This relatively cursory treatment was insufficient, given the volume of record evidence concerning Prescott's migraines. That evidence included a "detailed description from an acceptable medical source of a typical headache event," as SSA regulations contemplate. SSR 19-4p, 2019 WL 4169635, at *7. Prescott presented four years of treatment notes from her neurologist, Dr. Igor Cohen. Those notes described Prescott's migraines, their frequency, and his attempts at treatment. Dr. Cohen examined Prescott frequently — the record includes treatment notes taken on a regular basis and spanning from March 22, 2016, to February 14, 2020. *See, e.g.*, Tr. at 350, 647,

8

649, 651, 653, 655, 657, 659, 661, 664, 666, 668, 670, 672, 674, 676, 678, 680, 682, 685-86.

Dr. Cohen's description of Prescott's migraine events remains consistent across all four years: "3-4 times *per week*" she experiences "frontal, occipital, and bi-temporal pressure with throbbing, and accompanied by nausea, photo- and phonophobia." *See*, *e.g.*, *id*. at 645, 647, 649, 668, 674 (emphasis added). As Prescott explained at a hearing, a typical migraine event can last "four hours, sometimes through the entire day." *Id*. at 58. In plain English, Prescott's neurologist has described — in dozens of treatment notes across several years — a patient who, for hours and days at a time, multiple times per week, experiences throbbing pain across her entire head, sensitivity to light and sound, and nausea. For Prescott, that constituted a "typical" headache event. *Id*. at 58, 645.

If the ALJ found this description lacking, she did not explain why. While an ALJ need not mention "every item of testimony presented" or explain, in every instance, "why [s]he considered particular evidence unpersuasive or insufficient," *Monguer v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983), she nonetheless must "build an accurate and logical bridge from the evidence to her conclusion." *Collins v. Berryhill*, No. 16-CV-6673), 2018 WL 259282, at *7 (E.D.N.Y. Jan. 2, 2018) (quoting

9

*Suide v. Astrue*, 371 Fed. App'x 684, 690 (7th Cir. 2018)). And where, as here, the remainder of the record does not set forth "clearly credible evidence" supporting the ALJ's determination (and instead trends in the opposite direction), the ALJ's explanatory burden is particularly weighty. *Salmini*, F. App'x at 112-13.

**B.   The ALJ's RFC Determination**

Additionally, Prescott argues that the ALJ's RFC determination was faulty because she did not correctly weigh the various physicians' opinions (against one another's) and failed adequately to consider Prescott's subjective symptom testimony. Pl. Mem. at 18, 23. But apart from the decision's inadequate consideration of the record evidence concerning migraines, the ALJ did sufficiently evaluate the record in the course of the RFC determination.

As in *Matta v. Astrue*, Prescott "asserts that the ALJ substituted [her] own medical judgment for these expert opinions." 508 Fed. App'x 53, 56 (2d Cir. 2013). But even where an "ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he [is] entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole." *Id*. When "presented with the not uncommon situation of conflicting medical evidence," the ALJ — as trier of fact — "has

10

the duty to resolve that conflict." *Richardson v. Perales*, 402 U.S. 389, 399 (1971).

Similarly, the ALJ is "not require[d] to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). The ALJ must weigh "the credibility of the claimant's testimony in light of the other evidence in the record." *Id*. Here, the ALJ determined that Prescott's subjective complaints conflicted with both the overall course of her treatment, Tr. 17-20, and her own testimony about her daily activities. *Id*. at 14-15, 20.

Taken as a whole, the flaws that Prescott alleges in the RFC determination do not support an independent basis for remand; nonetheless, on remand it may be necessary to engage in a new RFC determination, given the further consideration of Prescott's migraines called for herein.

## IV.  Conclusion

For the reasons set forth above, the court grants Prescott's motion for judgment on the pleadings and denies the Commissioner's motion. The ALJ's April 27, 2020, decision is therefore vacated, and the matter is remanded for further

administrative proceedings consistent with this Order.  The Clerk of Court is respectfully directed to close the case.

       SO ORDERED.

                                              /s/ Eric Komitee
                                           ERIC KOMITEE
                                           United States District Judge

Dated:   March 19, 2024
        Brooklyn, New York